## Appeal of WILLIAM SCHOLES & SONS, INC.

Docket No. 3196.    Submitted August 22, 1925.    Decided February 4, 1926.

Under the circumstances of this appeal, capital expenditures made by a tenant at will on leased premises are not deductible as ordinary and necessary expenses, but must be prorated over the useful life of the property covered thereby.

*Jay C. Halls*, *L. Dana Latham* and *Richard S. Doyle, Esqs.*, and *Thomas W. Evers, C. P. A.*, for the taxpayer.
*Blount Ralls, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1918 to 1920, inclusive, in the amount of $10,043.11. Taxes for 1920 only are in controversy, as all claim of error with respect to those for 1918 and 1919 was waived at the hearing.

The question is whether the taxpayer, as lessee under a tenancy at will, is entitled to deduct the cost of improvements to the real estate, made in 1920, from its income of that year.

### FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation, with principal office located in Philadelphia. It was organized in 1906, when it succeeded to the business previously done by two Scholes brothers as partners. The business was that of manufacturing woolen and worsted yarns. At the time of the transfer to the corporation, the individuals retained their title to the real estate as tenants in common and leased the same to the corporation. The lease was not in writing and no written-lease was thereafter executed. The original arrangement between the owners of the real estate and the taxpayer was that the taxpayer should pay a rental of 5 per cent of the cost of the land and building in 1885, and there was an understanding that the taxpayer should bear the expense of all taxes, insurance, and repairs. No definite period for the occupancy was ever agreed upon. In 1920 it was agreed that the taxpayer should pay rental at the rate of 7 per cent, and rental of $6,444 was paid in that year, instead of the $4,296 paid in 1918 and 1919.

Upon the incorporation of the business in 1906, John Scholes and Joseph Scholes owned 51 and 49 per cent of the stock and a two-thirds and one-third interest in the real estate, respectively. John Scholes died in 1910, leaving his stock and interest in the realty to his three children. Joseph Scholes died in 1920, his interest in the real estate and one-half of his stock passing to his son Joseph

Scholes, who held the balance of the stock in trust for some nieces and nephews. During 1920 the four individuals owning the real estate owned stock in the corporation. The taxpayer has occupied the leased premises from the date of incorporation to the present time.

The fair rental for the property in 1920 was about $20,000.

The taxpayer in 1920 made the following expenditures, which it deducted in its return for that year:

| | |
|---|---:|
| New boiler | $6,709.56 |
| Building of second floor office and alterations | 1,783.06 |
| Installing wiring, lights, phones, and switches in office throughout plant | 947.99 |
| Alterations to building | 1,045.73 |
| Total | 10,486.34 |

The Commissioner disallowed the same and determined a deficiency for 1920.

### DECISION.

The determination of the deficiencies for 1918 and 1919 are approved. The deficiency for the year 1920 should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MORRIS: It was argued on behalf of the taxpayer that, whether the improvements were ordinary and necessary expenses or capital expenditures, the cost thereof was deductible in 1920. From the designation of the items, and in the absence of evidence to the contrary, we conclude that they were capital expenditures, the cost of which is not deductible in the return for 1920, unless the nature of the lease under which the property was held justifies such deduction. *Appeal of Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803. Counsel has submitted ample authority to convince us that the taxpayer was a tenant at will and that the tenancy was subject to termination by the lessors at any time. On the record in this appeal, it does not follow, however, that these capital expenditures are deductible as ordinary and necessary expenses.

The ownership of the stock of the corporation and of the real estate was vested in the Scholes family, all the members thereof having an interest in the real estate being stockholders of the corporation. The business of the corporation has been conducted on the leased property continuously from 1906 to the present time. We have already considered a similar contention based on a similar state

of facts in the *Appeal of Sentinel Publishing Co.*, 2 B. T. A. 1211, except that, in that appeal, the tenancy was from year to year. The decision in that appeal is controlling here. Accordingly, the cost of the improvements made by the taxpayer in 1920 should be prorated over their useful life. See also *Appeal of Walle & Co., Ltd.*, 1 B. T. A. 1064; *Appeal of Thatcher Medicine Co.*, 3 B. T. A. 154.